CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICKY DALE JESSEE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-00117 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN S. YOUNG, | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

Plaintiff Ricky Dale Jessee, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Jessee alleges that the defendant violated his constitutional rights in failing to put a floor mat at the exit of the shower. Upon review of the record, the court finds that Jessee has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint pursuant to 28 U.S.C. §1915A(b)(1).

## I.

Jessee alleges that on July 10, 2010 sometime in the morning, a cleaning person applied a coat of wax/sealent to the floor in the shower area of his building. Later that day, when exiting the shower, Jessee slipped and fell on the wet floor. As a result of the fall, Jessee hit his head and suffered a 3-4 inch gash on the back of his head for which he received medical treatment. Jessee argues that there should have been a safety mat on the floor in front of the shower and that the defendants acted with "gross negligence" in failing to provide a mat.

## II.

Generally, to state a claim under the Eighth Amendment for cruel and unusual living conditions, a plaintiff must allege sufficient facts to show that the challenged conditions objectively amount to a deprivation of a basic human need, and that, subjectively, prison officials acted with deliberate indifference toward an excessive risk to inmate health or safety. Wilson v. Seiter, 501

U.S. 294, 298 (1991); see also Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). To satisfy the objective element of an Eighth Amendment claim of dangerous prison conditions, plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the alleged conditions. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993). To meet the subjective element of such a claim, plaintiff must demonstrate that the defendant officials were aware of facts from which they could draw the inference that a significant risk of harm existed and that they, in fact, drew such an inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff must then show that the defendant officials disregarded such a risk by failing to take "reasonable measures" to alleviate the danger. Id. at 832.

In this case, Jessee has not alleged any facts which show that the condition at issue here, the lack of a safety mat, amounted to or caused a deprivation of any basic human need. Moreover, Jessee does not allege that the defendant had any knowledge that the floor was slippery enough to cause Jessee to fall. Thus, Jessee cannot demonstrate that the defendants acted with deliberate indifference toward any risk to his health or safety. At most, Jessee has alleged negligence which is not actionable under § 1983.[1] Estelle v. Gamble, 429 U.S. 97 (1976). Accordingly, the court finds that Jessee's complaint must be dismissed.

### III.

For the stated reasons, Jessee's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

ENTER: This 15th day of March, 2011.

United States District Judge

---

[1] Further, courts have regularly held that slip and fall accidents do not give rise to federal causes of action. See Davis v. Corr. Corp. of Am., No. 5:07cv279, 2008 U.S. Dist. LEXIS 117962, at *7-12 (N.D. Fla. Feb. 22, 2008) (collecting cases).

2